UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAWKEYE-SECURITY INSURANCE | ) |
|---|---|
| COMPANY and THE MIDWESTERN | ) |
| INDEMNITY COMPANY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV01071 ERW |
| | ) |
| DONALD A. BUNCH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Donald A. Bunch and Patricia A. Bunch's Motion for Sanctions [doc. #53] and Plaintiffs Hawkeye-Security Insurance Company and the Midwestern Indemnity Company's Motion for Rule 11 Sanctions Against Defendants' Attorneys [doc. #66].

### I.   BACKGROUND

In July 2008, Plaintiffs Hawkeye-Security Insurance Company and the Midwestern Indemnity Company (hereinafter referred to collectively as "Plaintiffs") filed a declaratory action requesting this Court to declare that the insurance policy purchased by Total Lock & Security/The Installers Company (hereinafter "Total Lock"), the named insureds on the policy, does not provide coverage to Defendants Donald A. Bunch, Patricia A. Bunch, and Daniel H. Brandt, II (hereinafter referred to collectively as "Defendants") for an automobile collision which occurred on November 26, 2007. The accident occurred when Daniel Brandt was operating a

vehicle owned by Total Lock. As a result of the accident, Donald Bunch, a passenger in the vehicle, sustained serious injuries resulting in quadriparesis.

The motions for sanctions currently at issue arose from a discovery dispute involving documents that were never produced for Defendants by Total Lock or the Plaintiffs. The documents in question involve correspondence between Ms. Gidget Fogerty, owner of Total Lock, and the Festus Police Department. The origins of the dispute began in February 2009 when Counsel for Defendants served upon Total Lock a subpoena duces tecum requesting documents. Ms. Fogerty contacted Plaintiffs' Counsel regarding this subpoena. Plaintiffs' Counsel represented Total Lock's insurance providers, Hawkeye-Security Insurance Company and the Midwestern Indemnity Company. Plaintiffs' Counsel then called Defense Counsel on behalf of Total Lock to discuss the subpoena. During this conversation, Plaintiffs' Counsel agreed to assist Defense Counsel in its discovery request by Bates Stamping the documents and sending the documents to Defense Counsel. Plaintiffs' Counsel then contacted Eve Rone, a manager at Total Lock, to assist Total Lock in complying with the subpoena. On February 23, 2009, Plaintiffs produced to Defendants 127 pages of documents. In the cover letter, Plaintiffs, by and through counsel, stated that "it is our understanding that Total Lock & Security/The Installers Company has no other documents responsive to your requests." Plaintiffs stated that Ms. Rone turned over all the documents in the custody of Total Lock to Plaintiffs' Counsel which were responsive to the subpoena. Plaintiffs' Counsel subsequently turned these documents over to Defendants' Counsel. During this time, Plaintiffs' Counsel never expressly claimed that they represented Total Lock, but Defense Counsel claims Plaintiffs' Counsel never made it clear that they did not represent Total Lock.

On March 10, 2009, Plaintiffs' Counsel called Defendants' Counsel and informed them that Plaintiffs' Counsel did not represent Total Lock. Plaintiffs' Counsel also sent a letter to Defense Counsel on March 11, 2009 stating that Plaintiffs' Counsel did not "formally represent Total Lock & Security/The Installers Company or any of their employees; however, we have been in contact with Total Lock & Security/The Installers Company for several months regarding this matter and will coordinate contact with them, including setting their depositions."

On April 7, 2009, the deposition of Michelle Fogerty was taken. At the deposition, Ms. Fogerty testified that until about one to three weeks prior to the deposition, she believed Plaintiffs' Counsel represented Total Lock. On September 15, 2009, Ms. Fogerty was deposed a second time. At the deposition, Ms. Fogerty testified that at the time she received the subpoena in February 2009, she believed that she was represented by Plaintiffs' Counsel. Ms. Fogerty also indicated that Plaintiffs' Counsel instructed her not to worry about the subpoena because they were taking care of it. During the deposition, Defense Counsel presented to Ms. Fogerty a letter sent from Total Lock to the Festus Police Department indicating that the vehicle involved in the collision was released to Patricia Bunch and that Daniel Brandt was an employee of Total Lock at the time of the collision. Defense Counsel also presented a document indicating that Ms. Fogerty had faxed an insurance card to the Festus Police Department showing that there was insurance coverage for the vehicle involved in the collision.

The parties agree that neither Total Lock nor Plaintiffs' Counsel produced these documents during initial disclosures pursuant to Rule 26(a) or in response to the subpoena served upon Total Lock in February 2009. Plaintiffs counsel denies ever receiving these documents from

3

Total Lock or having any knowledge of their existence. In addition, Plaintiffs' Counsel represented at the hearing that Total Lock cannot locate these documents in any of their files.

On September 30, 2009, Defendants Donald and Patricia Bunch filed their Motion for Sanctions. Defendants allege that Plaintiffs obstructed the discovery procedure in Rules 26 through 37. Defendants argue that Plaintiffs violated Rule 26(a) by not providing all the required documents. Additionally, Defendants contend that Plaintiffs violated Rule 26(b) by not providing the documents in response to Defendants' Request for Production of Documents Directed to Plaintiffs and by advising Total lock not to respond to Defendants' subpoena. Defendants argue that sanctions under Rule 37 are appropriate because Plaintiffs failed to cooperate in discovery and obstructed the discovery process by misleading Total Lock, the named insured on the policy, and Defense Counsel into believing that Plaintiffs' Counsel represented Total Lock's interests in this case.

On October 19, 2009, Plaintiffs filed their Motion for Rule 11 Sanctions against Defendants' Attorneys claiming that Defendants violated Rule 11 of the Federal Rules of Civil Procedure by filing Defendants' Motion for Sanctions. As support for their motion, Plaintiffs allege that Defense Counsel failed to make a reasonable inquiry as to whether their factual and legal allegations were supported by the evidence, made multiple false statements to the Court, and only brought the motion to harass and distract the Plaintiffs and the Court.

**II.   DISCUSSION**

**A.   Defendants' Motion for Sanctions**

Defendants allege that Plaintiffs' Counsel violated Rules 26(a) and (b) of the Federal Rules of Civil Procedure, and as a result, Defendants request that the Court issue sanctions against

Plaintiffs pursuant to Rule 37.[1] The Federal Rules allow parties to move for sanctions when an opposing counsel fails to comply with these discovery procedures. When a party violates Rule 26(a),"a party may move for an order compelling disclosure or discovery," but "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 3.04 goes even further by stating that "the Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable effort to do so..." E.D. Mo. L.R. 37-3.04.

The evidence presented shows that Defendants did not satisfy Federal Rule of Civil Procedure 37(a)(1) or Local Rule 37-3.04. Specifically, Defendants did not include a statement certifying that they conferred with opposing counsel to resolve the discovery dispute. The Court finds that Defendants are not entitled to any sanctions for alleged violations under Rule 26(a) or (b).

Even if the Court were to find that Defendants complied with federal and local rules, Defense Counsel did not demonstrate that Plaintiffs violated Rule 26(a) or 26(b)(2)(A). Rule 26(a) of the Federal Rules of Civil Procedure states:

> "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties...a copy--or a description by category and location--of all documents, electronically stored information, and tangible objects that the disclosing party has in its possession,

---

[1] At the hearing Defendants focused the Court's attention on Rule 26(b); however, given the amount of briefing both parties devote to alleged violations under Rule 26(a), the Court addresses these issues as well.

> custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Fed. R. Civ. P. 26(a)(1)(A)(ii). "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).

The evidence shows that Plaintiffs complied with the initial disclosure rules. However, after reviewing how these events unfolded, the Court recognizes why Defense Counsel might believe that discovery violations occurred. In February 2009, Plaintiffs' Counsel acted as an intermediary between Total Lock and Defense Counsel. During this time, initial disclosures were due and Defense Counsel served Total Lock with a subpoena for production of documents. In the Summer of 2009, Defense Counsel discovered additional documents from the Festus Police Department regarding information that arguably should have been turned over pursuant to initial disclosure rules. The documents revealed correspondence between Total Lock and the Festus Police Department regarding contested issues in this case.

However, the evidence shows that Plaintiffs' Counsel never expressly told Defendants' Counsel that they represented Total Lock. In fact, Defense Counsel knew as early as April 7, 2009 that Plaintiffs' Counsel did not represent Total Lock. Additionally, Plaintiffs' Counsel denies ever receiving the documents in question from Total Lock or having any knowledge of their existence prior to Defendants own discovery of the documents. The evidence shows that the documents in question were not in the possession, custody, or control of Plaintiffs' Counsel. Furthermore, Plaintiffs' Counsel states that Total Lock has yet to locate these documents in their own files. After considering all the evidence, the Court finds that even if Defense Counsel had met all the requirements under Rule 37(a), Defendants fail to demonstrate that Plaintiffs violated

Rule 26(a). Plaintiffs' Counsel made its initial disclosures based on the information reasonably available to them at the time. Therefore, sanctions are not warranted.

Similarly, the Court finds that Defendants are not entitled to sanctions pursuant to Rule 37(b) for allegedly violating Rule 26(b). Defendants' Counsel alleges that Plaintiffs' Counsel violated Rule 26(b) by not providing the documents in response to a request for production and in advising Total Lock not to respond to Defendant's subpoena. Rule 26(b) states that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The Court may issues sanctions if a party or its agent fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A).

Here, Plaintiffs' Counsel acted as an intermediary between Defense Counsel and Total Lock. Ms. Fogerty, the owner of Total Lock, conferred with Plaintiffs' Counsel after receiving the subpoena to produce documents. As a result of this call, Plaintiffs' Counsel conferred with Defense Counsel regarding the subpoena, and Plaintiffs' Counsel told Defense Counsel that they would Bates Stamp the documents and send the documents to Defense Counsel. The evidence suggests that Total Lock turned over all the documents in its possession that were responsive to the subpoena except the documents later discovered in the police file, which Ms. Fogerty claims she can't find. In addition, Plaintiffs' Counsel stated to the Court that they provided every document turned over to them and that none of documents subsequently discovered by Defendants have been found in either Total Lock's files or Plaintiff's files. Furthermore, Defendants did not provide sufficient evidence that Plaintiffs sought to obstruct the discovery

7

process by misleading Total Lock and Defense Counsel into believing it represented Total Lock's interests. Therefore, the Court must deny Defendants' motion for sanctions.

**B.      Plaintiffs' Motion for Sanctions**

On October 19, 2009, Plaintiffs filed their Motion for Rule 11 Sanctions claiming that Defendants violated Rule 11 of the Federal Rules of Civil Procedure by filing Defendants' Motion for Sanctions. Plaintiffs allege that Defense Counsel failed to make a reasonable inquiry as to whether their factual and legal allegations were supported by the evidence, made multiple false statements to the Court, and only brought the motion to harass and distract the Plaintiffs and the Court.

> Federal Rule of Civil Procedure 11(b) provides:
>
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defendants, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A court may impose sanctions on an attorney, law firm, or party that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). "The Motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R.

Civ. P. 11(c)(2). "In determining whether a violation of Rule 11 has occurred, the district court must apply an 'objective reasonableness' standard." *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993).

After considering the evidence, the Court finds that Plaintiffs did not fully comply with Rule 11's procedural requirements because Plaintiffs did not strictly follow the safe harbor provisions in Rule 11. These provisions provide that the moving party should not file the motion for sanctions with the Court "unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged...allegation...is not withdrawn or appropriately corrected." *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003). A party is not entitled to sanctions if the party moving for sanctions "failed to comply with Rule 11's procedural requirements." *Id*. at 1030 (holding that it was an abuse of discretion for the District Court to issue sanctions when the moving party's "request" for sanctions was not made separately from other motions and moving party did not serve a prepared motion on Appellant prior to making any request to the court.).

Plaintiffs' Counsel admits that they did not serve Defendant with the motion 21 days before filing it with the Court. Instead, Plaintiffs' Counsel claims that he called Defense Counsel and requested that Defendants withdraw the motion for sanctions. Plaintiffs' Counsel sent a good faith letter on the same day, but did not serve Defendants' Counsel with a prepared motion. Plaintiffs then waited 20 days and called Defendants' Counsel again to ask him to withdraw the motion. When Defendants refused, Plaintiffs filed the Motion for Rule 11 Sanctions on the same day. Since Plaintiffs' Counsel failed to serve Defendants with the motion prior to filing it with the

Court and failed to wait the necessary 21 days, the Court finds that Plaintiffs' Counsel did not properly file the motion.

However, the facts suggest that Plaintiffs took significant steps to follow the required procedures for filing the motion. Plaintiffs' Counsel called opposing counsel in an attempt to get Defendants to withdraw their motion and then waited 20 days before filing the motion. These actions suggest that Plaintiffs' Counsel made a good faith effort to comply with the procedural rules. Notwithstanding this fact, the Court must deny Plaintiffs' Motion for Rule 11 Sanction for failing to strictly follow the procedures outlined in the rule.

Additionally, the Court finds that Defendants' actions do not warrant Rule 11 sanctions. The evidence suggests that Defense Counsel's actions, in filing their motion for sanctions, were objectively reasonable. Defendants' Counsel had reason to doubt whether Total Lock concealed relevant documents from Defendants. When Defendants' Counsel subsequently discovered documents from a third party that had not been disclosed, pursuant to initial disclosure rules or the court ordered subpoena, it was reasonable for Defendants' Counsel to believe that Total Lock may have withheld this evidence during discovery. As a result, irrespective of Defendants' failure to comply with the Federal Rules of Civil Procedure and Local Court Rules, the Court finds that Defendants filing of their motion for sanctions was objectively reasonable given the factual circumstances of this case. Therefore, the Court denies Plaintiffs' Motion for Rule 11 Sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Donald A. Bunch and Patricia A. Bunch's Motion for Sanctions [doc. #53] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Hawkeye-Security Insurance Company and the Midwestern Indemnity Company's Motion for Rule 11 Sanctions Against Defendants' Attorneys [doc. #66] is **DENIED**.

Dated this 25th Day of November, 2009.

                                                                            _____
                                                                            E. RICHARD WEBBER
                                                                            UNITED STATES DISTRICT JUDGE