UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAWKEYE-SECURITY INSURANCE COMPANY, and THE MIDWESTERN INDEMNITY COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:08CV01071 ERW |
| DONALD A. BUNCH, et al., | ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendants Donald A. and Patricia A. Bunch's Motion to Strike Plaintiff Hawkeye-Security Insurance Company and The Midwestern Indemnity Company's First Supplemental Rule 26(a) Disclosure in Relation to Bruce Williams and Certificate of Attempt to Resolve [doc. #88]; Motions in Limine of Defendants Donald A. Bunch, Patricia A. Bunch and Daniel H. Brandt, II [doc. #107]; and Plaintiffs' Motions in Limine [doc. #110]. The Court held a Pretrial Conference on January 6, 2009, and these pending Motions were addressed by the Parties.

**I.   DEFENDANTS' MOTION TO STRIKE**

Defendants Donald A. and Patricia A. Bunch filed this Motion, seeking to strike Plaintiffs' disclosure of Bruce Williams, and to preclude Plaintiffs from using Mr. Williams' testimony at trial. Defendants state that Plaintiffs served their Rule 26(a) Initial Disclosures on February 27, 2009. Then, on November 18, 2009, Plaintiffs served their First Supplemental Rule 26(a) Disclosures, which disclosed Mr. Williams as an individual likely to have discoverable information

for the first time. Defendants argue that this disclosure occurred after the discovery deadline, and is in violation of Federal Rule of Civil Procedure 26(e)(1).

In a trial before the jury, this Motion would likely be sustained. However, because this is a bench trial, the Court will hear the evidence, then conclude what weight, if any, is to be ascribed to it. Accordingly, the Court will deny Defendants' Motion to Strike.

**II.     DEFENDANTS' MOTIONS IN LIMINE**

Defendants filed various Motions in Limine, and the Parties reached a stipulation on one issue presented in Defendants' Motions. The Court finds as follows:

1. Defendants' request to preclude evidence or testimony related to course and scope of employment and respondeat superior issues is denied.

2. Defendants' request to preclude evidence or testimony related to any violation of company policies by Donald Bunch, Patricia Bunch, or Daniel Brandt is denied.

3. Defendants' request to preclude evidence or testimony related to whether Donald Bunch was somehow at fault for riding with Daniel Brandt, or whether he should have been aware of Daniel Brandt's intoxicated state is denied.

4. Defendants' request to preclude evidence or testimony related to any negligence of Donald Bunch, Patricia Bunch, or Daniel Brandt which allegedly may have caused the collision, including evidence of the consumption of alcohol by Daniel Brandt, the alleged consumption of alcohol by Donald Bunch, and any negligence on the part of Patricia Bunch in allowing Daniel Brandt to operate the vehicle while under the influence of alcohol, is denied.

5. In the event that Donald Bunch testifies at trial, his prior convictions, including the prior DWI offense, may be used for impeachment.

The Parties stipulated to the remaining issues presented in Defendants' Motions in Limine.

### III. PLAINTIFFS' MOTIONS IN LIMINE

Plaintiffs filed various Motions in Limine, and the Parties reached stipulations with respect to many of the issues presented in Plaintiffs' Motions. The Court finds as follows:

1. Plaintiffs requested that the Court exclude all testimony and evidence relating to the consent judgment obtained by Mr. and Mrs. Bunch pursuant to Mo. Rev. Stat. § 537.065, and the court proceedings related to obtaining said judgment. At this point, the Court is unsure of the purpose for which Defendants would seek to use the judgment. The Motion is denied at this time, and the Court shall rule admissibility at the time any proffer is made.

2. Plaintiffs' request to preclude evidence and testimony related to the policies and use of company vehicles by any Total Lock & Security employees, including Stephanie Woodcock, is denied.

3. Plaintiffs' request to preclude evidence and testimony related to Gidget Fogerty's testimony that she wants or expects insurance coverage for her vehicles, including for the accident in question, is denied.

4. Plaintiffs' request to preclude evidence and testimony related to the unsigned fax letter from Gidget Fogerty of Total Lock & Security to the Festus Police Department is denied.

5. Plaintiffs requested that the Court exclude the Jefferson County Court file for the case styled Bunch, et al. v. Brandt, et al. At this point, the Court is unsure of the purpose for

which Defendants would seek to use the court file. The Motion is denied at this time, and the Court shall rule admissibility at the time any proffer is made.

The Parties stipulated to the remaining issues presented in Plaintiffs' Motions in Limine.

**IT IS HEREBY ORDERED** that Defendants Donald A. and Patricia A. Bunch's Motion to Strike Plaintiff Hawkeye-Security Insurance Company and The Midwestern Indemnity Company's First Supplemental Rule 26(a) Disclosure in Relation to Bruce Williams and Certificate of Attempt to Resolve [doc. #88] is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining Motions in Limine of Defendants Donald A. Bunch, Patricia A. Bunch and Daniel H. Brandt, II [doc. #107] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions in Limine [doc. #110] which remain are **DENIED**, except as to rulings reserved for trial.

Dated this 7th Day of January, 2010.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE